### JOHNSTON v HART

Ohio Appeals, 1st Dist, Hamilton Co

No 5257. Decided December 19, 1938

Waite, Schindel & Bayless and Philip J. Schneider, Cincinnati, for appellee.

Pogue, Hoffheimer & Pogue, Cincinnati, for appellant.

### OPINION

By MATTHEWS, J.

This cause comes before the court upon the merits and upon appellee's motion to strike the bill of exceptions from the files, on the ground that there is no certificate of the trial judge as to its authenticity.

Only errors appearing upon the record can be corrected by a reviewing court.

If the alleged error does not appear otherwise on the record, it may be made to appear through the medium of a bill of exceptions. 2 O. Jur. 423.

There is no requirement that the bill shall disclose everything that has taken place in the case from its inception or at the trial. Id. It may present only a fragment of the entire history of the case and still be sufficient for the purpose desired. Id. 443.

The only limitation is that a reviewing court will not pass upon any claim of error unless the record presents it in such shape that the court can say that the error is manifest and prejudicial to the appellant.

But there can be no bill of exceptions at all—complete or fragmentary—without a positive certificate in some form of the trial judge as to the verity of its recitals. Id. 510. **Fox v Dierkes, 30 Oh Ap 486.** Where nothing more appears the allowing and signing of the bill is a sufficient certification to its correctness. But manifestly, the implication arising from the allowing and signing can not prevail over positive language of the trial judge contradicting the implication.

In this case the trial judge signed and allowed the bill, but incorporated in his certificate a statement that "the bill of exceptions does not contain all of the material evidence * * * that by reason of the fact that no stenographer was present and no stenographic record was made and that the trial took place more than a year ago, the court is unable to supply the omissions or to fully correct the bill and said bill of, exceptions being contested, the same is hereby, subject to the qualification above.

set out, allowed and signed by the court. That it does not contain the complete charge * * * I can not say it is substantially the charge given at the time."

We have reached the conclusion that this certificate shows that the trial judge, although allowing and signing the bill of exceptions, so qualifies and conditions his acts as to entirely contradict the implication that would otherwise arise from such allowing and signing. His certificate discloses that he does not vouch for the correctness of any part of the bill. On the contrary, he has certified that he "is unable to supply all of the omissions or to fully **correct the bill.**" The bill, so certified, is ineffective to bring anything upon the record. A bill in which there are undisclosed omissions to be supplied and undisclosed corrections to be made is permeated in all its parts by the resulting uncertainty. It suggests, but does not assert.

We are of the opinion that no part of this bill has received the approval of the trial judge and that this court can not treat it as having brought upon the record any of the proceedings at the trial and that, therefore, it can not be considered as a bill of exceptions and should be stricken from the files.

No error appearing upon the record, the judgment is affirmed.

ROSS, PJ, & HAMILTON, J, concur.